UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

**KEVIN ALES,**

        Plaintiff,

vs.                                                      Case No. 22-CV-1458

**PRINCIPAL LIFE INSURANCE COMPANY,**

        Defendant.

## COMPLAINT

Plaintiff, Kevin Ales, by his attorneys, Hawks Quindel, S.C., for his complaint against the above-named Defendant, states as follows:

## PARTIES

1. Plaintiff is an adult resident of Wisconsin and currently resides in Winnebago County.

2. Defendant, Principal Life Insurance Company, on information and belief is a corporation organized under the laws of Iowa and licensed to do business in Wisconsin. Defendant's registered agent in Wisconsin is Corporation Service Company, 8040 Excelsior Drive, Suite 400, Madison, WI 53717.

3. Defendant is the third-party administer and insurer of a short-term disability insurance ("STDI") policy and long-term disability insurance ("LTDI") policy contained under an employee welfare benefit plan administered by Craft Coating, Inc. (the "Plan"). The Plan is subject to ERISA.

## JURISDICTION & VENUE

4. As described more fully below, this is an action by a participant in employee welfare benefit plans governed by ERISA to recover benefits due under the terms of the plans pursuant to 29 U.S.C. § 1132(a)(1)(B).

5. Jurisdiction over this action is conferred upon this court because the claims herein arise under ERISA.

6. Venue is proper in the Eastern District of Wisconsin pursuant to 29 U.S.C. § 1132(e)(2) and 28 U.S.C. § 1391(b), because a substantial part of the events and omissions giving rise to these claims occurred in this district and, because, in substantial part, the breaches asserted herein took place in this district.

7. Plaintiff's administrative remedies have been deemed exhausted as a condition precedent to filing this action.

## FACTS

8. Plaintiff is a former Level 3 Operator for Craft Coating, Inc.

9. During the course of Plaintiff's employment, Plaintiff became eligible for coverage under the Plan.

10. Plaintiff began working for Craft Coating, Inc., on May 21, 2018.

11. Plaintiff was forced to cease working for Craft Coating, Inc. in order to pursue STDI and LTDI benefits under the Plan in the fall of 2020 because of his medical conditions, including degenerative back issues.

12. Shortly after Plaintiff went out of work in fall 2022, Defendant approved Plaintiff's initial short-term disability claim, Claim No. GDC-9089923-01, under the Plan from October 2020 through early January 2021.

13. After Plaintiff exhausted his STDI benefits under the Plan in January 2021, Defendant approved Plaintiff's initial claim for LTDI benefits, Claims No. GDC-9089923-02, under the Plan from January 2021 through May 2021.

14. On June 1, 2021, Plaintiff temporarily recovered from his medical conditions and returned to work at Craft Coating, Inc.

15. Nearly nine months later, Plaintiff again ceased working for Craft Coating, Inc., on March 30, 2022 and sought STDI and LTDI benefits under the Plan because of his medical conditions, including degenerative back issues.

16. Plaintiff has been unable to return to work since March 30, 2022 due to his disabling medical conditions, including degenerative back issues.

17. Plaintiff filed another claim for benefits under the Plan on or around April 4, 2022 ("Second STDI Claim").

18. On April 19, 2022, Defendant concluded that Plaintiff was ineligible for benefits under the Second STDI Claim because his disability was caused by a pre-existing condition as defined by the Plan.

19. Defendant refused to provide Plaintiff with any information about his initial STDI and LTDI claims when Plaintiff submitted a written request for information relevant to his Second STDI Claim pursuant to 29 C.F.R. § 2560.503-1(j)(3).

20. Defendant's denial of Plaintiff's Second STDI Claim further prevented Plaintiff's Second STDI Claim from transitioning to LTDI benefits once STDI benefits would have been exhausted on July 7, 2022.

21. Plaintiff timely appealed Defendants' denial of his benefits claim on October 14, 2022.

22. Defendant had until November 28, 2022, or 45 days from its receipt of Plaintiff's appeal, to render its decision pursuant to 29 C.F.R. § 2560.503-1(i)(3)(i).

23. To date, Defendants have failed to render a determination regarding Plaintiff's appeal within the time period set forth in 29 C.F.R. § 2560.503-1.

24. Defendant failed to provide Plaintiff with a written request an extension of time to render a decision on Plaintiff's appeal as set forth in 29 C.F.R. § 2560.503-1(i)(3)(i).

25. Due to Defendant's failure to timely render a determination on Plaintiff's October 14, 2022 appeal, Plaintiff is deemed to have exhausted his administrative remedies under the Plan pursuant to 29 C.F.R. § 2560.503-1(l)(2)(i).

26. Defendant was responsible for determining whether Plaintiff was eligible for benefits under the Plan.

27. Defendant was responsible for paying Plaintiff's benefits under the Plan.

28. Plaintiff submitted complete medical documentation in support of Plaintiff's disability as part of the appeal.

29. Plaintiff submitted all information requested by the Defendant.

30. Defendant failed to consider the issues raised in Plaintiff's appeal.

31. Defendant ignored clear medical evidence of Plaintiff's medical conditions and disability.

32. Defendant did not perform a "full and fair review" of Plaintiff's claim.

33. Defendant failed to notify Plaintiff of the additional material necessary in order for Plaintiff to perfect Plaintiff's claim and an explanation of why that material was necessary.

34. Defendant failed to adequately explain why it rejected specific evidence in Plaintiff's file.

35. Defendant failed to engage in a meaningful dialogue with Plaintiff.

36. Defendant failed to adequately explain its reasons for denying Plaintiff benefits.

37. Defendant conducted a selective review of Plaintiff's medical records.

38. Defendant failed to adequately assess Plaintiff's employability before determining that Plaintiff is not sufficiently disabled to qualify for benefits.

39. At all times since March 30, 2022, Plaintiff has remained disabled as defined by the Plan.

40. At all times material to this case, the Plan has remained in full force and effect.

41. Pursuant to 29 C.F.R. § 2560.503-1(l), due to Defendant's failure to render a timely determination on review, Plaintiff is deemed to have exhausted the Plan's administrative remedies and is entitled to pursue all available remedies under ERISA § 502(a).

42. Defendant's denial of Plaintiff's Second STDI Claim caused Plaintiff to suffer the loss of benefits—including benefits under both the STDI and LTDI policies contained withing the Plan—and to incur expenses.

**FIRST CAUSE OF ACTION:**
**DENIAL OF BENEFITS IN VIOLATION OF 29 U.S.C. § 1132(a)(1)(B) – STDI Benefits**

43. The preceding paragraphs are reincorporated by reference as though set forth here in full.

44. Plaintiff has been and remains disabled, as that term is defined by the Plan's STDI provisions.

45. Plaintiff was entitled to weekly STDI benefits in the amount of $432 for the thirteen weeks between April 7, 2022 and July 7, 2022.

46. Due to Defendant's failure to establish and follow reasonable claims procedures, and because Defendant failed to provide a timely determination on review, Plaintiff is entitled to *de novo* review.

47. Defendants wrongfully denied STDI benefits due to Plaintiff between April 7, 2022 and July 7, 2022.

48. Plaintiff was entitled to a weekly benefit of $432 pursuant to the Plan during that time frame.

49. Defendants interpreted and applied the terms and conditions of the STDI Plan in a manner that is inconsistent with the plain language contained therein.

50. In particular, Defendant inappropriately determined that Plaintiff was not covered for STDI benefits until August 1, 2021—and thereby was subject to the Plan's STDI pre-existing condition provision on his Second STDI Claim—despite the fact that the Plan's plain language clearly provided for reinstatement of Mr. Ales' coverage upon returning to work for Craft Coating, Inc. on June 1, 2021.

51. Upon information and belief, Defendants inconsistently interpreted the terms and conditions of the STDI Plan from one case to the next.

52. As both the payer of claims and the adjudicator of STDI claim eligibility, Defendant has an inherent conflict of interest.

53. Defendant's denial of Plaintiff's STDI benefits was incorrect and "downright unreasonable."

54. For these and other reasons, Defendant wrongfully denied Plaintiff's Second STDI Claim and Plaintiff is entitled to STDI benefits in the amount of $5,616.00 from April 7, 2022 to July 7, 2022 pursuant to § 502(a)(1)(B) of ERISA.

## SECOND CAUSE OF ACTION:
## DENIAL OF BENEFITS IN VIOLATION OF 29 U.S.C. § 1132(a)(1)(B) – LTDI Benefits

55. The preceding paragraphs are reincorporated by reference as though set forth here in full.

56. Since March 30, 2022, Plaintiff has been and remains disabled, as that term is defined by the Plan's LTDI provisions.

57. Pursuant to the Plan's terms, Plaintiff has been entitled to a gross monthly LTD benefit equal to $1,872.00 per month at all times beginning July 8, 2022.

58. By inappropriately denying Plaintiff's Second STDI Claim, Defendant prevented Plaintiff from transitioning to and receiving LTD benefits according to the provisions of the

59. Similar to the Plan's STDI provisions, the Plan's LTDI provisions state that Plaintiff's coverage for LTDI benefits should have been reinstated upon his return to work with Craft Coating, Inc. on June 1, 2021.

60. Due to Defendant's failure to establish and follow reasonable claims procedures, and because Defendant failed to provide a timely determination on review, Plaintiff is entitled to *de novo* review.

61. Defendants wrongfully denied LTDI benefits due to Plaintiff.

62. Defendants interpreted and applied the terms and conditions of the LTDI Plan in a manner that is inconsistent with the plain language contained therein.

63. Upon information and belief, Defendants inconsistently interpreted the terms and conditions of the LTDI Plan from one case to the next.

64. As both the payer of claims and the adjudicator of LTDI claim eligibility, Defendant has an inherent conflict of interest.

65. Defendant's denial of Plaintiff's LTDI benefits was incorrect and "downright unreasonable."

66. For these and other reasons, Defendant wrongfully denied Plaintiff's claim for LTDI benefits and Plaintiff is entitled to LTDI benefits pursuant to § 502(a)(1)(B) of ERISA.

## **DEMAND FOR RELIEF**

WHEREFORE, Plaintiff demands the following relief:

A. Judgment against Defendant in the amount of all retroactive STDI and LTDI benefits owed to Plaintiff under the terms and conditions of the Plan plus prejudgment interest;

B. A declaration of Plaintiff's continued eligibility for all LTDI benefits under the Plan;

C. An award of reasonable attorney's fees and costs related to the action; and

D. Any other relief that the Court deems just and equitable.

Dated this 5th day of December 2022.

        Respectfully submitted,

        **Hawks Quindel, S.C.**
        Attorneys for Plaintiff

        By:   <u>s/Timothy P. Maynard</u>
              Timothy P. Maynard, SBN 1080953
              Connor J. Clegg, SBN 1118534
              Hawks Quindel, S.C.
              5150 North Port Washington Road Suite 243
              Milwaukee, WI 53217
              Telephone: (414) 271-8650
              Fax: (414) 207-6079
              E-mail:   tmaynard@hq-law.com
                              cclegg@hq-law.com